U.S. Department

United States A
Southern Distri

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/2021

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

April 16, 2021

**BY CM/ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: ***United States v. Jomo Williams*,**
     **11 Cr. 663 (AT)**
     **21 Civ. 1334 (AT**

Dear Judge Torres:

  The Government writes respectfully to request a short extension of time to respond to defendant Jomo Williams's Section 2255 motion. Williams, through counsel, does not object to this request.

  By way of background, following a trial before this Court and a jury, Williams was convicted on May 15, 2014, of: (1) participating in a conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951; (2) committing a Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2; (3) using, carrying, and possessing a firearm, which was discharged, in connection with the Hobbs Act robbery charged in Count Two and a marijuana-distribution conspiracy, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and (4) the murder of D'Angelo Jordan through the use of a firearm in connection with the Hobbs Act robbery charged in Count Two and a marijuana-distribution conspiracy, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(j)(1) and (2). On April 15, 2015, this Court sentenced Williams principally to 30 years' imprisonment. Williams appealed his conviction and sentence; on February 28, 2019, the United States Court of Appeals for the Second Circuit affirmed his conviction and sentence, *see United States v. Williams*, 756 F. App'x 73 (2d Cir. 2019), and, on October 7, 2019, the United States Supreme Court denied Williams's petition for a writ of *certiorari, see Williams v. United States*, 140 S. Ct. 189 (Mem.) (2019).

Hon. Analisa Torres
April 16, 2021
Page 2 of 3

On September 28, 2020, Williams filed a *pro se* motion for appointment of counsel, as well as a *pro se* motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Docket Entry 203). In his *pro se* Section 2255 motion, Williams argued that his trial counsel was ineffective because he allegedly: (1) told Williams that he could not participate in jury selection; (2) failed to move for a mistrial when a court security officer told advised jurors to keep their voices down during deliberations; (3) failed to call a Government witness back to the stand during the defense case; and (4) was disrespectful, advised the forgery of a signature, yelled at Williams's mother, and fell asleep during trial. This Court then appointed John C. Meringolo, Esq., to represent Williams. On February 12, 2021, Mr. Meringolo filed a counseled Section 2255 motion, arguing that Williams's trial counsel was ineffective because he allegedly: (1) told Williams that he could not participate in jury selection; (2) failed to move for a mistrial when a court security officer told advised jurors to keep their voices down during deliberations; and (3) failed to call a Government witness back to the stand during the defense case. (Docket Entry 206).

The following week, this Court directed the Government to respond by Monday, April 19, 2021, and Williams to file a reply (if any), within 30 days.

I have been reviewing the record—which has included obtaining archived files—and preparing the Government's response. Because of the nature of Williams's claims, Williams has waived his attorney-client privilege with his trial counsel. *See, e.g.*, *Douglas v. United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861, at *1 (S.D.N.Y. Jan. 28, 2011) (McMahon, *J.*) ("where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." (citing cases)); *see also, e.g.*, *Aladino v. United States*, No. 09 Civ. 926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) ("In cases where a habeas petitioner alleges ineffective assistance of counsel, courts routinely find that the petitioner puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications" (citing cases)).[1] Accordingly, Williams's trial counsel has agreed to prepare and submit an affidavit or declaration responding to Williams's claims.

---

[1] Courts in the Second Circuit have repeatedly found implicit waivers of the privilege and considered affidavits from attorneys who were the subject of ineffectiveness claims in cases where petitioners did not execute a formal waiver. *See, e.g.*, *Ramzan v. United States*, Nos. 11 Civ. 1191 (NRB), 06 Cr. 456 (NRB), 2012 U.S. Dist. LEXIS 103695 (S.D.N.Y. July 20, 2012) (Buchwald, *J.*) (explaining that court order requiring counsel to submit affidavit concerning petitioner's claims of ineffective assistance was based on petitioner's implied waiver of attorney-client privilege); *United States v. Sosa-Lopez*, Nos. 12 Civ. 6649L, 06 Cr. 6198L, 2013 WL 164091, at

However, it will take additional time for Williams's counsel to finalize his affidavit or declaration, and for the Government to prepare a comprehensive memorandum based, in part on that affidavit/declaration.

Accordingly, the Government respectfully requests that its time to respond to Williams's Section 2255 motion be extended by 30 days, to May 19, 2021, and Williams's time to submit a reply be extended to June 18, 2021.

I have communicated with Mr. Meringolo, who does not object to this extension.

Please feel free to contact me with any questions or issues.

> Respectfully submitted,
>
> AUDREY STRAUSS
> United States Attorney
>
> By: _____
> Michael D. Maimin
> Assistant United States Attorney
> (914) 993-1952

cc: John C. Meringolo, Esq. (by electronic mail and CM/ECF)

---

GRANTED. By **May 19, 2021**, the Government shall submit its response to Williams's motion. By **June 18, 2021**, Petitioner shall file his reply, if any.

SO ORDERED.

Dated: April 19, 2021
   New York, New York

_____
ANALISA TORRES
United States District Judge

---

*1-2 (W.D.N.Y. Jan. 15, 2013) (finding implied waiver of attorney-client privilege based on petitioner's ineffectiveness claim and directing defense counsel to provide affidavit on matters relevant to petitioner's claim); *Billie v. United States*, No.3: l0 Civ. 1122 (JBA), 2013 WL 2946066 (D. Conn. June 13, 20l3) (considering affidavits submitted to the Government by attorney against whom petitioner asserted ineffective assistance and thus had impliedly waived attorney-client privilege).